UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. PAVLICHKO, SR.<br>    Plaintiff,<br><br>and<br><br>JAMES S. PAVLICHKO, JR.,<br>A Minor Child<br>    Plaintiff,<br><br>vs.<br><br>GLEN MILLS SCHOOL, COSIMO D.<br>FERRAINOLA, LARRY LAURENCE,<br>GREG FRAZIER, JIM WELSH,<br>TODD DONAHUE, T.J. GREEN,<br>AND NELSON YANEZ,<br>    Defendants. | CIVIL ACTION #: 02-cv-02889 |

## PLAINTIFFS' PRETRIAL MEMORANDUM

Plaintiffs James S. Pavlichko, Sr. ("Pavlichko") and James S. Pavlichko, Jr. ("Jim") hereby submit the following Pretrial Memorandum in accordance with Federal Rule of Civil Procedure 16 and Local Rule of Civil Procedure 16.1(c):

**I. NATURE OF ACTION AND BASIS OF JURISDICTION**

Plaintiffs brought this action under 42 U.S.C. § 1983 and state law. Plaintiffs alleged that the defendants Glen Mills School, Cosimo D. Ferrainola, Larry Laurence, Greg Frazier, James Welsh, Todd Donahue, Thomas ("T.J.") Green and Nelson Yanez violated Jim's rights under the Eighth Amendment by subjecting him to cruel and unusual punishment in the form of an assault and battery by defendant Green, a Glen Mills employee. Plaintiffs also alleged that the defendants violated Jim's rights under the Fourteenth Amendment by taking adverse actions against Jim in retaliation for the exercise of his right to free speech under the First Amendment

when Jim complained through his father to Glen Mills and various public officials about this abuse. Plaintiffs further alleged that defendant Green committed the state-law torts of assault and battery against Jim.

Following discovery, plaintiffs agreed to dismiss defendants Ferrainola, Laurence, Frazier, and Donahue from the instant lawsuit. Plaintiffs continue to assert the following claims: (1) a violation by defendants Green and Glen Mills of Jim's Eighth Amendment rights; (2) a violation by defendants Glen Mills, Welsh, and Yanez of Jim's constitutional right to be free from retaliation for exercising his protected First Amendment rights; and (3) assault and battery against defendant Green.[1]

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

## II. PLAINTIFFS' STATEMENT OF FACTS

In or around September 2001, Jim was placed in the custody of Glen Mills pursuant to the order of Judge Mark Ciavarella of the Court of Common Pleas of Luzerne County, Pennsylvania following an adjudication of delinquency. Glen Mills provides treatment for juveniles adjudicated delinquent by courts throughout the country, and the juveniles placed at Glen Mills are ordered there by courts as part of their sentence.

On or about April 11, 2002, defendant Green came into Jim's room and began to yell and curse at Jim and his roommate Brandon. Jim did not talk back to Green, nor did he act belligerently in any way. All of a sudden, for no identifiable reason, Green "just grabbed [Jim] by [his] shirt and slammed [him] against the wall and started cursing in [his face.]" (Pavlichko

---

[1] Plaintiff James S. Pavlichko, Sr. was a party to this action solely in his capacity as the guardian *ad litem* for Jim, who was a minor at the time the action was commenced. Jim turned eighteen years of age during the course of the litigation, and plaintiffs would for that reason stipulate to the dismissal of Pavlichko, Jim's father, as a party in this action.

Jr. Dep. at 42:11-42:14.) Green held Jim in that position for "about five minutes." (Pavlichko Jr. Dep. at 48:5-48:10.) As a result, Jim suffered injuries to his back and head.

Very shortly after the assault and battery, Jim communicated to his father what Green had done to him. When Pavlichko learned what happened to his son, he wrote a letter on or about April 16, 2002 addressed to the Superintendent of Glen Mills, with copies to, among others, the Pennsylvania State Police and the Pennsylvania Department of Welfare. In that letter, Pavlichko repeated what he had learned from his son and directed both that his son should no longer be subjected to the physical and verbal abuse he had suffered at Glen Mills and that his son should not be retaliated against or punished in any way for raising these issues. As a result of Jim's publicized allegations, the Department of Public Welfare ("DPW") initiated an investigation into the incident.

In the two months after Glen Mills became aware of Jim's complaints to his father about Green's assault of him, Jim was treated differently by Glen Mills staff than he had been prior to these complaints. First, Jim was transferred from Taylor Hall, where he had been assigned since he arrived at Glen Mills in September 2001, to Tyler Hall. Jim was told he was being transferred to Tyler Hall because his dad was creating problems. Similarly, the unit logs for Tyler Hall state that Jim was being transferred because his father had falsely accused Taylor Hall's staff of not servicing Jim properly as well as because of an incident wherein Jim had been listening to a radio after hours.

After Jim was transferred to Tyler Hall, defendant Welsh, the team leader at Tyler Hall, took Jim's mail and the paperwork he had received from Pavlichko and refused to allow him access to them, even though Jim was entitled to retain his mail pursuant to Glen Mills' policies. During Jim's stay at Tyler Hall, he continued to participate in Glen Mills' activities and program.

3

As the Third Comprehensive Report dated June 12, 2002 showed, consistent with two prior reports, Jim needed improvement in certain areas but was in other ways responding favorably to the program. As of June 12, Glen Mills recommended that Jim remain in its care.

Jim was subject to a review hearing before Judge Ciavarella in Luzerne County, Pennsylvania, on June 17, 2002. In advance of the hearing, defendant Yanez, the admissions director at Glen Mills, collected information concerning Jim from Glen Mills staff who interacted with Jim regularly. He also received and reviewed a copy of the Third Comprehensive Report, dated June 12. He communicated with Sadie Cole, Jim's probation officer from Luzerne County, about Jim's behavior at Glen Mills. At that point, Cole said she did not know whether the court would continue Jim's placement at Glen Mills or remove him from that program.

In spite of the June 12 report recommending that Jim stay at Glen Mills, a unit log entry dated June 16, 2001, the day before his review hearing, stated that "[Jim] will be discharged tomorrow." At that hearing, Judge Ciavarella remarked that it was his understanding that "Glen Mills no longer wants [Jim] in their program." Even though there had been a report only five days before the hearing recommending that Jim remain in placement at Glen Mills, defendant Yanez agreed with Judge Ciavarella and, as a result, contributed to Judge Ciavarella's decision to remove Jim from Glen Mills. At that point, Jim was sent to the juvenile detention facility for Luzerne County, and was eventually transferred to a placement at Northwestern Academy in Coal Township, Pennsylvania. Jim has since been released from Northwestern Academy.

As a result of the retaliation Jim suffered for complaining about the abuse, Jim was subjected to adverse treatment, including an unwarranted transfer of residence halls and the improper confiscation of his legal materials and mail. Moreover, had Jim not been removed from his placement at Glen Mills, Jim believed that he would have been eligible to be released

from the custody of Glen Mills and returned home to Luzerne County. As a result of his "failure to adjust" at Glen Mills, however, Jim was kept in the juvenile system until July of this year, approximately nine months longer than he believes he would otherwise have been in the system. As a result of his delayed release from the juvenile system, Jim has suffered lost potential income. In addition, Jim suffered from the mental anguish of his lengthened confinement and his continued separation from his family and loved ones. Finally, Jim continues to suffer some discomfort in his back that he attributes to the assault and battery of him by defendant Green.

### III. DAMAGES OR OTHER RELIEF

Plaintiffs seek the following damages:

| | |
|---|---|
| Compensatory Damages | Greater than $10,000. |
| As detailed above, the compensatory damages represent lost earnings; pain, suffering, and mental anguish; and expenses incurred. | |
| Punitive Damages | To be determined. |
| Legal Fees | To be determined. |

### IV. WITNESSES

Plaintiffs intends to call the following witnesses at trial:

1. James S. Pavlichko, Jr.
   565 Paperdale Road
   Stillwater, PA 17878

2. Sadie Cole
   Luzerne County Juvenile Probation
   Luzerne County Courthouse
   Penn Place
   20 North Pennsylvania Avenue
   Wilkes-Barre, PA 18711

V. **EXHIBITS**

Plaintiffs expect to offer the exhibits listed on the attached Schedule A at trial.

VI. **ESTIMATED TRIAL TIME**

Plaintiffs estimates that his case-in-chief on liability and damages will take approximately one trial day, and that presentation of the defendants' case will take two to three additional trial days.

VII. **SPECIAL COMMENTS REGARDING LEGAL ISSUES**

Plaintiffs anticipate filing a motion *in limine* to exclude references to plaintiffs' prior convictions or other bad acts. Plaintiff may seek stipulations from defendants about the authenticity of the documents listed on the attached Schedule A.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL & PUDLIN

Dated: October 6, 2003

By: *[signature]*
Bruce S. Haines
Kathleen M. Laubenstein
Matthew A. Hamermesh
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 568-6200
Facsimile: (215) 568-0300

*COUNSEL FOR PLAINTIFFS*

## SCHEDULE A

## PLAINTIFFS' TRIAL EXHIBITS

1. Letter, James Pavlichko, Sr. to Superintendent/Director, April 16, 2002
2. Letter, James Pavlichko, Sr. to Mr. Farrainola, Superintendent, May 2, 2002
3. Letter, James Pavlichko, Sr. to Larry Laurence, Counselor, May 3, 2002
4. First Comprehensive Report re: James Pavlichko, The Glen Mills School, January 9, 2002
5. Second Comprehensive Report re: James Pavlichko, The Glen Mills School, March 5, 2002
6. Third Comprehensive Report re: James Pavlichko, The Glen Mills School, June 12, 2002
7. Handwritten Notes of Contacts with Probation Officer
8. Transcript of Placement Review Hearing, In re James Stephen Pavlichko, Jr, Court of Common Pleas, Luzerne County, June 17, 2002
9. Excerpt from Tyler Hall Unit Log, May 14, 2002
10. Excerpt from Tyler Hall Unit Log, June 16, 2002
11. Report, Department of Public Welfare, June 7, 2002
12. Glen Mills School Student Handbook

## CERTIFICATE OF SERVICE

I, Kathleen M. Laubenstein, hereby certify that on October 6, 2003, I caused a true and correct copy of the foregoing Plaintiffs' Pretrial Memorandum to be served on the following by overnight delivery:

>Edward M. Galang, Esquire
>Marshall, Dennehey, Warner, Coleman & Goggin
>One Montgomery Plaza, Suite 1002
>Norristown, PA 19401-4814
>
>Guy Vilim, Esquire
>Gold & Vilim
>1608 Walnut Street
>Suite 1600
>Philadelphia, PA 19103

_____
Kathleen M. Laubenstein