# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JAMES S. PAVLICHKO, SR.<br>　　　　　　Plaintiff,<br><br>and<br><br>JAMES S. PAVLICHKO, JR.,<br>　A Minor Child<br>　　　　　　Plaintiff,<br><br>vs.<br><br>GLEN MILLS SCHOOL, COSIMO D.<br>FERRAINOLA, LARRY LAURENCE,<br>GREG FRAZIER, JIM WELSH,<br>TODD DONAHUE, T.J. GREEN,<br>AND NELSON YANEZ,<br>　　　　　　Defendants. | CIVIL ACTION #:  02-cv-02889 |

## PLAINTIFFS' PROPOSED POINTS FOR CHARGE

Plaintiffs James S. Pavlichko, Sr. and James S. Pavlichko, Jr. hereby submit the
following Proposed Points for Charge.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL & PUDLIN

Dated: October 6, 2003

By: _Kathleen M Laubenstein_

　　　Bruce S. Haines
　　　Kathleen M. Laubenstein
　　　Matthew A. Hamermesh
　　　One Logan Square, 27th Floor
　　　Philadelphia, PA 19103
　　　Telephone:  (215) 568-6200
　　　Facsimile:  (215) 568-0300

*Counsel for Plaintiffs*

I.    **INTRODUCTORY INSTRUCTIONS**

    A.    **General Introduction**

MEMBERS OF THE JURY:

    Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

    The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law as stated by the lawyers and as stated in these instructions, you are governed by my instructions.

    Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

    You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[1]

    B.    **Election Of Foreperson; Duty To Deliberate; Communications With Court; Cautionary; Unanimous Verdict; Verdict Form**

    You must follow the following rules while deliberating and returning your verdict:

    First, when you go to the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in court.

---

[1] O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions (Civil)</u> (5[h] ed. 2000) ("Federal Jury Practice and Instructions") § 103.01.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.[2]

---

[2] Federal Jury Practice and Instructions § 103.50.

### C.     <u>Instructions Apply To Each Party</u>

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.[3]

### D.     <u>All Persons Equal Before The Law – Individuals</u>

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.[4]

## II.    <u>BURDEN OF PROOF AND EVIDENCE</u>

### A.     <u>Preponderance Of The Evidence</u>

Plaintiffs James S. Pavlichko, Jr. and James S. Pavlichko, Sr. have the burden in a civil action, such as this, to prove every essential element of their claims by a preponderance of the evidence. If plaintiffs should fail to establish any essential element of their claim by a preponderance of the evidence, you should find for defendants as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses,

---

[3] Federal Jury Practice and Instructions § 103.10.

[4] Federal Jury Practice and Instructions § 103.11.

regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.[5]

**B.    Evidence In The Case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.[6]

---

[5] Federal Jury Practice and Instructions § 104.01.

[6] Federal Jury Practice and Instructions § 103.30.

### C.    <u>Questions Not Evidence</u>

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's questions and statements are not evidence.[7]

### D.    <u>"Direct" And "Circumstantial" Evidence – Defined</u>

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[8]

### E.    <u>Use Of Depositions As Evidence</u>

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath.  Such testimony is entitled to the same consideration and is to be judged as to

---

[7] Federal Jury Practice and Instructions § 103.34.

[8] Federal Jury Practice and Instructions § 104.05.

credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.[9]

### F.    "Inferences" Defined

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.[10]

### G.    Number Of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

---

[9] Federal Jury Practice and Instructions § 105.02.

[10] Federal Jury Practice and Instructions § 104.20.

The test, therefore, is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.[11]

### H.    Discrepancies In Testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

---

[11] Federal Jury Practice and Instructions § 104.54.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[12]

## I.    <u>Impeachment – Inconsistent Statement Or Conduct</u>

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[13]

---

[12] Federal Jury Practice and Instructions § 105.01.

[13] Federal Jury Practice and Instructions § 105.04.

### J.    Effect Of Prior Inconsistent Statements Or Conduct

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[14]

### K.    Fact of Juvenile Adjudication Inadmissible

You have heard the testimony of the plaintiff, James S. Pavlichko, Jr., who you know was a resident at the Glen Mills School because he was adjudicated a delinquent.

This fact was offered only in reference to the reason Mr. Pavlichko was at Glen Mills School. It was not offered, and it may not be considered by you for any other purpose.

Conviction for a crime does not strip an individual of the constitutional rights at issue herein and is not a reason to deny Mr. Pavlichko a recovery. Indeed, the First, Eighth and Fourteenth Amendments to the United States Constitution, on which the Pavlichkos base some of their claims in this case, are designed to guarantee that even those who have been adjudicated juvenile delinquents and assigned to facilities such as Glen Mills School are not subjected to

---

[14] Federal Jury Practice and Instructions § 105.09.

cruel and unusual punishment or subject to retaliation for exercising their constitutional rights. Thus, whether Mr. Pavlichko has been adjudicated a juvenile delinquent is irrelevant to the matter at hand and is not to be considered by you in any way in reaching your verdict in this case.[15]

III.    **PLAINTIFFS' CLAIMS**

Plaintiffs James S. Pavlichko, Jr. and James S. Pavlichko, Sr. have brought claims against the defendants on several grounds. These claims include:

1.    A claim against defendants Glen Mills School and Thomas Green for violating James S. Pavlichko, Jr.'s Eighth Amendment right to be free from cruel and unusual punishment by assaulting and battering him.

2.    A claim against defendants Glen Mills School, James Welsh, and Nelson Yanez for retaliating against James S. Pavlichko, Jr. for the exercise of his constitutionally-protected right to free speech following plaintiffs' complaints about his treatment.

3.    A claim against defendant Thomas Green for assault.

4.    A claim against defendant Thomas Green for battery.

I will now explain what each of these claims means, and what the plaintiff has to show in order to succeed on them. I will then explain to you how to award damages if you find plaintiffs have proven one or more of their claims.

---

[15] Federal Rule of Evidence 609(d).

## IV.    EIGHTH AMENDMENT CLAIM

### A.    Nature Of The Action

The Eighth Amendment to the United States Constitution provides that no cruel and unusual punishment may be inflicted upon any person.  Plaintiff James S. Pavlichko, Jr. was committed to the custody of the Glen Mills School.  Plaintiffs claim that the defendants violated Pavlichko's Eighth Amendment rights when a staff member of Glen Mills assaulted and battered him.

The defendants deny that they deprived Pavlichko of his rights under the Eighth Amendment.[16]

### B.    Generally

Under the Eighth Amendment to the United States Constitution, every person convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment.

Section 1983, the federal civil rights statute under which plaintiffs have sued, provides that a person may seek relief in this Court by way of damages against any person or persons who, acting under the color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.[17]

### C.    Excessive Force

An adjudicated juvenile delinquent who is committed by the state to a facility falls within the class of persons who are protected from cruel and unusual punishment under the Eighth

---

[16] Federal Jury Practice and Instructions § 166.01.

[17] Federal Jury Practice and Instructions § 166.10.

Amendment of the United States Constitution.  Plaintiff James S. Pavlichko, Jr. claims that defendant Thomas Green, an employee of defendant Glen Mills School, violated his Eighth Amendment rights by using excessive and unnecessary force against him.  According to plaintiff James S. Pavlichko, Jr., defendant Thomas Green slammed him against a wall and held him there while Green cursed at him.

In order to prove a violation under the Eighth Amendment, plaintiff James S. Pavlichko, Jr. must show that the defendant Thomas Green unnecessarily and wantonly inflicted pain on plaintiff James S. Pavlichko, Jr.  Whether the use of force against an individual is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

In order to prove a violation of his rights under the Eighth Amendment, plaintiff James S. Pavlichko, Jr. must prove all of the following elements by a preponderance of the evidence:

First:  That defendant Thomas Green used force against plaintiff James S. Pavlichko, Jr. maliciously and sadistically, for the purpose of causing plaintiff James S. Pavlichko, Jr. harm;

Second:  That plaintiff James S. Pavlichko, Jr. suffered some harm as a result of the use of force by defendant Thomas Green; and

Third:  That defendant Thomas Green was acting under color of state law.

If plaintiff James S. Pavlichko, Jr. fails to prove any of these elements, you must find for defendants Glen Mills School and Thomas Green on the Eighth Amendment violation.

The first element is to be evaluated by a subjective analysis of defendant Thomas Green and his state of mind at the time.  In deciding whether this element has been proved, you must give defendants Glen Mills School and Thomas Green wide-ranging deference in the adoption

and execution of policies and practices that in their judgment are needed to preserve internal

order and discipline and to maintain internal security in the facility.

Some of the things you may want to consider in determining whether the defendant

Thomas Green unnecessarily and wantonly inflicted pain on plaintiff James S. Pavlichko, Jr.

include:

     (1)    the need for the application of force

     (2)    the relationship between the need and the amount of force that was used

     (3)    the extent of injury inflicted

     (4)    the extent of the threat to the safety of staff and other students, as reasonably perceived by responsible officials on the basis of the facts known to them

     (5)    any efforts made to temper the severity of a forceful response.[18]

**D.**    **Maliciously**

"Maliciously" means intentionally injuring another without just cause or reason.  To act

"maliciously" means intentionally to do a wrongful act without just cause or excuse, with an

intent to inflict injury or under circumstances that show an evil intent.[19]

**E.**    **Sadistically**

"Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.[20]

**F.**    **Under Color of State Law**

"Under color of state law" means that the action can fairly be treated as the action of the

government itself.  In determining whether the actions of the defendants in this case were under

---

[18] Federal Jury Practice and Instructions § 166.10; <u>Brooks v. Kyler</u>, 204 F.3d 102, 106 (3d Cir. 2000).

[19] Federal Jury Practice and Instructions § 166.31.

[20] Federal Jury Practice and Instructions § 166.33.

color of state law, or can fairly be treated as the action of the government itself, you must decide whether the function the defendants were performing was a function that is traditionally exclusively reserved to the state.  If you determine that Glen Mills School was, with respect to James S. Pavlichko, Jr., performing a quintessentially governmental function, you must find that the defendants were acting under color of state law.[21]

## V.    **RETALIATION IN VIOLATION OF THE FIRST AMENDMENT**

### A.    <u>Nature of the Action</u>

Plaintiffs claim that defendants Glen Mills School, James Welsh, and Nelson Yanez, while acting "under color" of state law, intentionally took adverse actions against plaintiff James S. Pavlichko, Jr. in retaliation for his exercise of his rights under the First Amendment of the United States Constitution.  Plaintiffs assert that, after plaintiff James S. Pavlichko, Jr. complained to his father about the assault and battery that defendant Thomas Green had committed against him and his father notified the defendant Glen Mills Schools and various state officials about the abuse, plaintiff James S. Pavlichko, Jr. was improperly transferred to another residence hall, had his mail and legal papers confiscated, and eventually was wrongfully recommended for removal from the program at Glen Mills in retaliation for exercising his First Amendment right to free speech.

Defendants deny violating plaintiff James S. Pavlichko, Jr.'s First Amendment rights in any way.[22]

---

[21] <u>Brentwood Academy v. Tennessee Secondary Sch.</u>, 531 U.S. 288, 295 (2001); <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 157 (1978); <u>Robert S. v. Stetson School, Inc.</u>, 256 F.3d 159, 167 n.9 (2001).

[22] Federal Jury Practice and Instructions § 168.01 (Public Employees).

**B.**    <u>Generally</u>

Under the First Amendment to the United States Constitution, a person has the right to freedom of speech to address issues of public concern.

Section 1983, the federal civil rights statute under which plaintiffs have sued, provides that a person may seek relief in this Court by way of damages against any person or persons who, acting under the color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.[23]

**C.**    <u>Essential Elements</u>

In order to prevail on the claims that defendants Glen Mills School, James Welsh and Nelson Yanez violated plaintiff James S. Pavlichko, Jr.'s constitutional right to be free from retaliation for exercising his protected right to free speech, plaintiffs must prove the following facts by a preponderance of the evidence:

First, plaintiffs must show that that plaintiff James S. Pavlichko, Jr. engaged in protected speech activity. In this case, plaintiffs allege that plaintiff James S. Pavlichko, Jr. engaged in protected speech when he complained to his father about the abuse that defendant Thomas Green had inflicted upon him and when his father then transmitted these concerns to both defendant Glen Mills School and to various state agencies.

Second, plaintiffs must show that defendants Glen Mills, James Welsh, and Nelson Yanez took adverse actions against plaintiff James S. Pavlichko, Jr. in retaliation for his exercise of his right to free speech. In this case, plaintiffs have alleged that James S. Pavlichko, Jr. was

---

[23] Federal Jury Practice and Instructions § 168.10 (Public Employees); <u>Mt. Healthy City School District Board of Education v. Doyle</u>, 429 U.S. 274, 283 (1977).

transferred to a different residence hall after defendant Glen Mills School became aware that he

had complained, through his father, to various state officials about the abuse. Plaintiffs have also

alleged that defendant James Welsh confiscated plaintiff James S. Pavlichko, Jr.'s mail and other

legal papers, even though he was entitled to retain such papers pursuant to defendant Glen Mills

Schools' written policies. Plaintiffs have also alleged that defendants Glen Mills School,

through defendant Nelson Yanez, recommended that plaintiff James S. Pavlichko, Jr. be removed

from Glen Mills even though his conduct warranted his remaining in the program. Plaintiffs

allege that defendants Glen Mills School, James Welsh, and Nelson Yanez committed these acts

in retaliation against plaintiff James S. Pavlichko, Jr. because of his complaints about the assault

and battery of him by defendant Thomas Green. Thus, in order to prove its allegations against

the defendants, plaintiffs must show that each defendant took the alleged actions in retaliation for

plaintiff James S. Pavlichko, Jr.'s protected speech complaining about the assault and battery by

defendant Thomas Green.

    As a third element of the claim for retaliation, plaintiffs must show that defendants took

these actions "under color" of the authority of state law or custom.

    And fourth, plaintiffs must show that plaintiff James S. Pavlichko, Jr.'s damages were

directly or proximately caused by defendants' conduct. In this case, plaintiffs assert that plaintiff

James S. Pavlichko, Jr. was subjected to adverse treatment following his complaints about abuse,

including the transfer from one residence hall to another and the confiscation of certain mail and

legal papers, and that this adverse treatment caused him mental anguish. Furthermore, as a result

of the recommendation that plaintiff James S. Pavlichko, Jr. be removed from Glen Mills School,

plaintiffs assert that plaintiff James S. Pavlichko, Jr.'s release from the juvenile justice system

occurred approximately nine months later than it would have had he been permitted to remain in

the placement at Glen Mills School, and that this continued confinement beyond his anticipated release date caused plaintiff James S. Pavlichko, Jr. to lose potential wages and benefits. In addition, plaintiffs assert that plaintiff James S. Pavlichko, Jr. suffered mental anguish as a result of this improperly-lengthened confinement in state custody and his separation from his family and loved ones.[24]

If you find that plaintiff James S. Pavlichko, Jr. has proven by a preponderance of the evidence that his conduct in complaining about abuse at Glen Mills School was a substantial factor or a motivating factor in the defendants' adverse treatment of him, you must then determine whether defendants would have acted in the same manner in the absence of such protected speech.

Plaintiffs are not required to produce direct proof of an unlawful motive, intent or design. A motive, intent or design to violate a person's constitutional rights, if it exists, is seldom admitted directly and, if it exists, must be shown from the existence of other facts.[25]

**D.     "Under Color of State Law"**

The term "under color" of state law has been defined above. In essence, if you determine that Glen Mills School was, with respect to James S. Pavlichko, Jr., performing a quintessentially governmental function, you must find that the defendants were acting under color of state law.[26]

---

[24] Federal Jury Practice and Instructions § 168.20 (Public Employees); Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003); Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997).

[25] Federal Jury Practice and Instructions § 168.20 (Public Employees).

[26] See Note 21, supra.

### E.    Proximate Cause

An injury or damage is proximately caused by an act or failure to act whenever it appears from the evidence that act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably proximate consequence of the act or omission.[27]

## VI.    ASSAULT

An assault is an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body and that does, in fact, cause such fear.

To commit an assault, it is not necessary that the person actually intend to inflict a harmful or offensive contact with the body of another. It is enough that the person intend to cause only a fear of such contact.

In order for the defendant Thomas Green to be held responsible for the commission of an assault against the plaintiff James S. Pavlichko, Jr., you must find:

First, that the defendant Thomas Green intended to put the plaintiff James S. Pavlichko, Jr. in reasonable and immediate fear of a harmful or offensive contact with his body; and

Second, that the plaintiff James S. Pavlichko, Jr., as a result of the actions of the defendant Thomas Green, was put in reasonable and immediate fear of such contact.[28]

## VII.    BATTERY

A battery is an act done with the intent to cause a harmful or offensive contact with the body of another or an act done with the intent to put another in reasonable and immediate fear of

---

[27] Federal Jury Practice and Instructions § 168.42 (Public Employees).

[28] Pennsylvania Suggested Standard Civil Jury Instruction 13.01(Civ.).

a harmful or offensive contact with his or her body and that directly results in the harmful or offensive contact with the body of another.

In order for the defendant Thomas Green to be held responsible for committing a battery against the plaintiff James S. Pavlichko, Jr., you must find:

First, that the defendant Thomas Green intended to cause a harmful or offensive contact with the body of the plaintiff James S. Pavlichko, Jr. or that the defendant Thomas Green intended to put the plaintiff James S. Pavlichko, Jr. in reasonable and immediate fear of a harmful or offensive contact with his body, and

Second, that the actions of defendant Thomas Green directly resulted in a harmful or offensive contact with plaintiff James S. Pavlichko, Jr.'s body.

A body contact is offensive if it would offend a reasonable person's personal sense of dignity.[29]

## VIII.  **DAMAGES**

### A.    **Actual Damages**

If you find in favor of plaintiff James S. Pavlichko, Jr., then you must award plaintiff James S. Pavlichko, Jr. such sum as you find from the preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff James S. Pavlichko, Jr. has sustained as a direct result of defendants' actions.  You should consider the following elements of damages:

> (1)    The physical pain and mental and emotional suffering plaintiff James S. Pavlichko, Jr. has experienced and the nature and extent of the injury; and
>
> (2)    The wages, salary, profits, or reasonable value of the working time plaintiff James S. Pavlichko, Jr. has lost because of his inability to work.[30]

---

[29] Pennsylvania Suggested Standard Civil Jury Instruction 13.02(Civ.).

**B.**    **Nominal Damages**

If you find in favor of plaintiff James S. Pavlichko, Jr. because defendants violated his constitutional rights by retaliating against him for exercising his right to free speech and/or by subjecting him to cruel and unusual punishment and/or that the defendant Thomas Green assaulted and/or battered him, but you find that plaintiff James S. Pavlichko, Jr.'s damages have no monetary value, then you must return a verdict for plaintiff James S. Pavlichko, Jr. in the nominal amount of one dollar.[31]

**C.**    **Punitive Damages**

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff James S. Pavlichko, Jr. and against any or all of the defendants, and if you find either:

(1)    That the conduct of defendant Thomas Green was recklessly and callously indifferent to plaintiff James S. Pavlichko, Jr.'s right to be free from cruel and unusual punishment;

(2)    That the conduct of the defendants James Welsh and/or Nelson Yanez was recklessly and callously indifferent to plaintiff James S. Pavlichko, Jr.'s right to be free from adverse actions in retaliation for the exercise of his rights under the First Amendment; or

(3)    That defendant Thomas Green's actions in assaulting and battering plaintiff James S. Pavlichko, Jr. were outrageous;

———————————————

(continued...)

[30] Federal Jury Practice and Instructions § 166.60.

[31] Federal Jury Practice and Instructions § 166.61.

then, in addition to any other damages to which you find the plaintiff James S. Pavlichko, Jr. is

entitled, you may, but are not required to, award plaintiff James S. Pavlichko, Jr. an additional

amount as punitive damages if you find it is appropriate to punish the defendants or deter the

defendants and others from like conduct in the future.  Whether to award plaintiff James S.

Pavlichko, Jr. punitive damages and the amount of those damages are within your sound

discretion.

A person's conduct is outrageous when he or she acts with a bad motive or acts with

reckless indifference to the interests of others.

You may assess punitive damages against any or all defendants or you may refuse to

impose punitive damages.  If punitive damages are assessed against more than one defendant, the

amounts assessed against such defendants may be the same or they may be different.[32]

---

[32] Federal Jury Practice and Instructions § 166.62; Pennsylvania Suggested Standard
Civil Jury Instruction 14.00 (Civ.).

## CERTIFICATE OF SERVICE

I, Kathleen M. Laubenstein, hereby certify that on October 6, 2003, I caused a true and

correct copy of the foregoing Plaintiffs' Proposed Points for Charge to be served on the

following by overnight delivery:

Edward M. Galang, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
One Montgomery Plaza, Suite 1002
Norristown, PA 19401-4814

Guy Vilim, Esquire
Gold & Vilim
1608 Walnut Street
Suite 1600
Philadelphia, PA 19103

Kathleen M. Laubenstein