UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. PAVLICHKO, SR. <br>               Plaintiff, <br><br> and <br><br> JAMES S. PAVLICHKO, JR., <br>  A Minor Child <br>               Plaintiff, <br><br> vs. <br><br> GLEN MILLS SCHOOL, COSIMO D. FERRAINOLA, LARRY LAURENCE, GREG FRAZIER, JIM WELSH, TODD DONAHUE, T.J. GREEN, AND NELSON YANEZ, <br>               Defendants. | CIVIL ACTION #: 02-cv-02889 |

**ORDER**

AND NOW, upon consideration of the Motion in Limine of Plaintiffs to Exclude Evidence Concerning James S. Pavlichko, Sr.'s Criminal Record or Incarceration, and good cause appearing therefor, it is hereby

ORDERED that the Defendants are precluded from introducing at trial of this action any evidence concerning or relating to any conviction of James S. Pavlichko, Sr. of a crime or his incarceration.

Dated: _____                                _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES S. PAVLICHKO, SR. | : | |
|               Plaintiff, | : | |
| and | : | |
| JAMES S. PAVLICHKO, JR., | : | |
|  A Minor Child | : | CIVIL ACTION #:  02-cv-02889 |
|               Plaintiff, | : | |
| vs. | : | |
| GLEN MILLS SCHOOL, COSIMO D. FERRAINOLA, LARRY LAURENCE, GREG FRAZIER, JIM WELSH, TODD DONAHUE, T.J. GREEN, AND NELSON YANEZ, | : | |
|               Defendants. | : | |

**MOTION IN LIMINE OF PLAINTIFFS TO EXCLUDE
EVIDENCE CONCERNING JAMES S. PAVLICHKO, SR.'S
CRIMINAL RECORD OR INCARCERATION**

      Plaintiffs James S. Pavlichko, Jr. and James S. Pavlichko, Sr., by their undersigned

counsel, hereby move this Court for entry of an Order precluding the Defendants from

introducing at trial of this action any evidence concerning or relating to any conviction of James

2

S. Pavlichko, Sr. of a crime or his incarceration.  A supporting Memorandum of Law is attached to this Motion.

                                                         Respectfully submitted,

                                                         HANGLEY ARONCHICK SEGAL & PUDLIN

Dated:  October 10, 2003            By:_____/s/_____
                                                        Bruce S. Haines
                                                        Kathleen M. Laubenstein
                                                       Matthew A. Hamermesh
                                                       One Logan Square, 27th Floor
                                                        Philadelphia, PA 19103
                                                       Telephone:  (215) 568-6200
                                                        Facsimile:   (215) 568-0300

                                                     *Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. PAVLICHKO, SR.<br>        Plaintiff,<br><br>and<br><br>JAMES S. PAVLICHKO, JR.,<br>  A Minor Child<br>        Plaintiff,<br><br>vs.<br><br>GLEN MILLS SCHOOL, COSIMO D.<br>FERRAINOLA, LARRY LAURENCE,<br>GREG FRAZIER, JIM WELSH,<br>TODD DONAHUE, T.J. GREEN,<br>AND NELSON YANEZ,<br>        Defendants. | CIVIL ACTION #:  02-cv-02889 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE OF PLAINTIFFS TO EXCLUDE
EVIDENCE CONCERNING JAMES S. PAVLICHKO, SR.'S
CRIMINAL RECORD OR INCARCERATION**

**I.    INTRODUCTION**

Plaintiffs James S. Pavlichko, Jr. ("James Sr.") and James S. Pavlichko, Sr. ("Jim") move to preclude the defendants from offering any evidence concerning the criminal convictions and incarceration of James Sr. in the above-captioned matter. Any evidence concerning his criminal convictions and incarceration is irrelevant and inadmissible. First, such evidence is not probative or relevant to Jim's claims. Second, such evidence is not character evidence of the sort that would be admissible under either Rule 609(a) or 404(b) of the Federal Rules of Evidence. Finally, to the extent such evidence is of limited relevance, the unfair prejudice resulting from the submission of such evidence to the jury substantially outweighs any probative value it might have. Accordingly, this evidence should be precluded.

## II. STATEMENT OF FACTS

This litigation arises out of an assault on Jim while he was in a placement at Glen Mills School ("Glen Mills"), and the repercussions thereof. In brief, Jim was adjudicated delinquent by the Court of Common Pleas of Luzerne County and eventually sent to Glen Mills for rehabilitation. One night while there, Defendant T.J. Green, one of the staff members, came into his room, yelled at him at length, and finally slammed him into a wall and held him there for five minutes. Thereafter, Jim informed his father, James Sr., of the assault. James Sr. then sent a letter to Glen Mills officials, copied to public officials of the Commonwealth of Pennsylvania, questioning his son's treatment and requesting that they not retaliate against Jim because of James Sr.'s correspondence. Because of these letters, Glen Mills and its staff did in fact retaliate against Jim in numerous respects, including ultimately successfully asking the court to remove him from the school. These facts form the basis for Plaintiffs' claims against the Defendants for civil rights violations, assault and battery.

As the Defendants have taken every available opportunity to point out, James Sr. is a convicted criminal presently incarcerated in prison. James Sr. was convicted of first degree murder and conspiracy to commit first degree murder by the Court of Common Pleas of Schuylkill County. He is presently serving a life sentence in Pennsylvania state prison.

## III. ARGUMENT

### A. Any Evidence Concerning James Sr.'s Criminal Convictions and Incarceration are Irrelevant and Inadmissible

Under Rule 401 of the Federal Rules of Evidence,

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

2

Fed. R. Evid. 401. In order for evidence to be relevant, the party proffering it must establish some "logical chain of inference consistent with [its] theory of the case." United States v. Sampson, 980 F.2d 883, 888 (3d Cir. 1992). Under Rule 402, evidence is not admissible if it is not relevant. See Fed. R. Evid. 402.

Given James Sr.'s limited role in the facts underlying Plaintiffs' claims, his criminal record and incarceration are not relevant under Rule 401. James Sr.'s sole part in the facts of this case is the several letters he wrote concerning Jim's treatment at Glen Mills. Those letters are relevant not for their content, but only for the effect they had on Glen Mills and its staff. Whether James Sr. has been convicted of a crime or is incarcerated has no tendency to make more or less probable, and has not logical connection to, either whether those letters were sent or their effect on Glen Mills and its staff, or any other fact at issue in this case. Accordingly, this evidence is irrelevant.

Nor does Rule 609 of the Federal Rules of Evidence make the evidence at issue admissible. Under Rule 609, certain evidence of a criminal conviction can be admitted to attack the credibility of a witness. See Fed. R. Evid. 609(a). Plaintiffs will not, however, call James Sr. as a witness in this trial. Nor are any statements of his being offered to prove the truth thereof. In particular, although the letters he wrote will be offered into evidence, they will not be offered to prove the truth of the matters asserted therein. Thus, James Sr. is not a declarant whose hearsay statements or admissions are being offered into evidence. Cf. Fed. R. Evid. 806 (permitting challenges to credibility of declarant's of hearsay statements admitted in evidence). Because his credibility is not at issue or subject to attack, his prior convictions are not admissible under Rule 609.

3

Finally, evidence of the convictions and incarceration of James Sr. are not admissible under Rule 404(b) of the Federal Rules of Evidence. That rule permits the admission of "evidence of other crimes, wrongs or acts . . . as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed. R. Evid. 404(b). Evidence is admissible under Rule 404(b), however, only to the extent it is relevant under Rules 401 and 402. See United States v. Mastrangelo, 172 F.3d 288, 295 (3d Cir. 1999). In this case, the "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident" of James Sr. are not at issue. Therefore, evidence of his convictions and incarceration are not admissible under Rule 404(b).

    **B.**    **Even if the Evidence of James Sr.'s Prior Convictions are Relevant, their Unfair Prejudicial Impact Substantially Outweighs their Probative Value**

Even if evidence of the criminal convictions and incarceration of James Sr. are somehow relevant to this case, the unfair and prejudicial impact of such evidence substantially outweighs its limited relevance. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403.

> Evidence is unfairly prejudicial only if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory cte. note. It is unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish," or otherwise "may cause a jury to base its decision on something other than the established propositions in the case." 1 J. Weinstein & M. Berger, Weinstein's Evidence P 403(03), at 403-15 to 403-17 (1978

Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980); see also Old Chief v. United States, 519 U.S. 172, 180, 117 S. Ct. 644, 650 (1997) ("The term 'unfair prejudice' . . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into [basing a verdict] on a ground different from proof specific to the [claims alleged].").

4

The fact that James Sr. is a convicted murder serving a life sentence is unfairly prejudicial to Jim. The jury could decide, based on their sense of horror and outrage at James Sr.'s having committed murder, that his participation in the facts underlying this case excuses Glen Mills from any liability. Or they could decide that, simply because the father was apparently a violent criminal, the son must be too and therefore should not be entitled to recover in this action. Such a conclusion would be based "on a ground different from proof specific to" Jim's claims. Old Chief, 519 U.S. at 180, 117 S. Ct. at 650.

Such unfair prejudice substantially outweighs the limited probative value of the evidence. As demonstrated above, the criminal convictions and incarceration of James Sr. are of at best limited relevance to this action. In contrast, the prejudicial impact of the evidence is so severe that it alone could cause the jury to decide against Jim. Accordingly, this Court should preclude introduction of or reference to such evidence under Rule 403.

### IV. CONCLUSION

For the foregoing reasons, this Court should preclude the Defendants from offering any evidence of the incarceration or criminal convictions of James S. Pavlichko, Sr.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL & PUDLIN

Dated: October 10, 2003          By:   /s/
                                       Bruce S. Haines
                                       Kathleen M. Laubenstein
                                       Matthew A. Hamermesh
                                       One Logan Square, 27th Floor
                                       Philadelphia, PA 19103
                                       Telephone: (215) 568-6200
                                       Facsimile: (215) 568-0300

*Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I, Matthew A. Hamermesh, hereby certify that on October 10, 2003, I caused a true and correct copy of the foregoing Motion in Limine of Plaintiffs to Exclude Evidence Concerning James S. Pavlichko, Sr.'s Criminal Record or Incarceration to be served on the following by facsimile and overnight mail:

>Edward M. Galang, Esquire
>Marshall, Dennehey, Warner, Coleman & Goggin
>One Montgomery Plaza, Suite 1002
>Norristown, PA 19401-4814
>
>Guy Vilim, Esquire
>Gold & Vilim
>1608 Walnut Street
>Suite 1600
>Philadelphia, PA 19103

>_____/s/_____
>Matthew A. Hamermesh