MARSHALL, DENNEHEY, WARNER,
 COLEMAN & GOGGIN                                        Attorney for Defendants
BY:  Kate S. McGrath, Esquire
I.D. #56082
BY:  Edward M. Galang, Esquire
I.D.  #80958
Suite 1002, One Montgomery Plaza
Norristown, PA  19401
(610) 292-4473

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. PAVLICHKO, SR., <br> As guardian ad litem for a Minor Child, <br> JAMES S. PAVLICHKO, JR. | : Civil Action No. 02-CV-2889 <br> : <br> : |
| VS. | : |
| GLEN MILLS SCHOOL, <br> COSIMO D. FERRAINOLA, DIRECTOR, <br> LARRY LAURENCE, COUNSELOR, <br> GREG FRAZIER, STAFF MEMBER, <br> JIM WELSH, STAFF MEMBER, <br> TODD DONAHUE, STAFF MEMBER, <br> T.J. GREEN, STAFF MEMBER, <br> MR. YANEZ, STAFF MEMBER | : JURY OF 12 DEMANDED <br> : <br> : <br> : <br> : |

**DEFENDANTS' PROPOSED POINTS FOR CHARGE**

    **1.**        **42 U.S.C. §1983**

The Federal claims against Defendants, T.J. Green, James Welsh, Nelson Yanez and

Glen Mills Schools are based upon, 42 U.S.C. §1983 of the Civil Rights Act of 1871.

This law provides a remedy for individuals who have been deprived of their

Constitutional rights under the color of state law.  Section 1983 of Title 42 of the United States

Code states:

> Every person who, under color of any statute, ordinance, regulation, customer usage of any state or territory of the District of Columbia subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction

>thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

<u>Sand, Modern Federal Jury Instructions (8/94)</u>, Instruction 87/65.

## 2. BURDEN OF PROOF IN §1983 CLAIMS

The Plaintiff has the burden of proving each and every element of his §1983 claim by preponderance of the evidence. If you find that one of the elements of Plaintiff's §1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the Defendants as to that claim.

Sand, Modern Federal Jury Instructions (8/94), Instruction 87/67.

3. **ELEMENTS OF THE §1983 CLAIM**

To establish a claim under §1983 against Defendants, Plaintiff must establish, by a preponderance of the evidence, each of the following four elements:

(1) First, that the conduct complained of was committed by a person acting under color of state law;

(2) Second, that this conduct deprived Plaintiff of rights, privileges or immunities secured by the Constitution or law of the United States. In this case, the Constitutional claim asserted by Plaintiff is the First Amendment right to free speech;

(3) Third, that the defendant directly participated in the Constitutional violation; and

(4) Finally, the act complained of was the proximate cause of the injuries and consequent damages sustained by Plaintiff.

<u>Sand, Modern Federal Jury Instructions (8/94)</u>, Instruction 87/68.

4.     **ELEMENTS OF PLAINTIFF'S FIRST AMENDMENT CLAIM**

In this case, Plaintiff claims that the Defendants, James Welsh, Nelson Yanez, and Glen Mills Schools violated James Pavlichko, Jr.'s Constitutional Rights protected by the First Amendment.

In order for Plaintiff to prevail, he must prove the following by a preponderance of the evidence:

(1) that James Pavlichko, Jr. engaged in protected activity;

(2) that Glen Mills employees responded with retaliation; and

(3) that the protected activity was the cause of the retaliation.

Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003).

5.  **FACTORS IN CONSIDERING WHETHER PLAINTIFF ENGAGED IN PROTECTED ACTIVITY.**

In determining whether James Pavlichko, Jr. can obtain First Amendment relief for conduct engaged by his father, you must consider the following factors.  First, you must examine the relationship between the James Pavlichko, Sr. and James Pavlichko, Jr., party whose rights are asserted.  Second, you must consider the ability of James Pavlichko, Jr. to advance his own rights, i.e., whether some obstacle impedes James Pavlichko, Jr.'s own suit.  Third, you must consider the impact on James Pavlichko, Jr.  <u>Amato v. Wilentz</u>, 952 F.2d 742 (3d Cir. 1991); <u>Serena H. v. Kovarie</u>, 209 F. Supp. 2d 453 (E.D. Pa. 2002).

6.  **CONSPIRACY CLAIM**

In Count II of the Complaint, Plaintiff alleges that all Defendants engaged in a conspiracy with the Honorable Mark Ciavarella of the Luzerne County Court of Common Pleas. In order to state a cause of action for civil conspiracy, the following elements are required: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. General Refractors Co. v. Fireman's Fund Insurance Co., 2003 U.S. App. Lexis 14867 (3d Cir. 2003). Furthermore, proof of malice is required in a successful civil conspiracy claim. Levin v. Upper Makefield Twp., 2003 U.S. Dist. Lexis 3213 (E.D. Pa. 2003); Thompson v. Coal Co. v. Pike Coal Co., 488 Pa. 198, 211, 412 A.2d 466, 472 (1979); Scully v. US WATS, Inc., 238 F.3d 497, 516 (3d Cir. 2001).

**7.    EIGHTH AMENDMENT CLAIM**

You must determine whether the actions of T.J. Green constituted excessive force in violation of the Eighth Amendment. In making this determination, you must consider the following factors:

(1) the need for the application of the force;
(2) the relationship between the need and the amount of force that was used;
(3) the extent of injury inflicted;
(4) the extent of the threat to the safety of staff and other juveniles in Taylor Hall, as reasonably perceived by responsible officials on the basis of the facts known to them; and
(5) any efforts made to temper the severity of a forceful response.

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley v. Albers, 475 U.S. 312, 321, 89 L. Ed. 2d 251, 106 S. Ct. 1078 (1986)). The central question you must consider in Plaintiff's Eighth Amendment claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 7, 117 L. Ed. 2d 156, 112 S. Ct. 995 (1992)). If you find that T.J. Green acted in a good-faith effort to maintain or restore discipline, you must find in favor of Defendant, T. J. Green.

8.  **ASSAULT CLAIM**

An assault is an act done with the intent to put another in reasonable and imminent apprehension of a harmful or offensive contact with his body and which does not in fact cause such apprehension.

To commit an assault it is not necessary that the person actually intend to inflict harmful or offensive contact with the body of another. It is enough that the person intend to cause only a fear of such contact.

In order for T.J. Green to be held responsible for the commission of an assault against the plaintiff, you must find:

(1) that T.J. Green intended to put the plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with his body and;

(2) that the plaintiff, as a result of T.J. Green's act, was put in reasonable and immediate apprehension of such contact.

Pennsylvania Suggested Standard Jury Instruction 13.01 (Civ).

9.   **BATTERY CLAIMS**

A battery is an act done with the intent to cause a harmful or offensive contact with the body of another (or an act done with the intent to put another in reasonable and immediate apprehension of a harmful or offensive contact with his body) and which directly results in a harmful or offensive contact with the body of another.

In order for the T.J. Green to be held responsible for the commission of a battery against the plaintiff you must find:

(1)   that T.J. Green acted with the intent to cause a harmful or offensive contact with the body of the plaintiff or that T.J. Green acted with the intent to put the plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with his body, and

(2)   that T.J. Green's act directly resulted in a harmful or offensive contact with the plaintiff's body.

A body contact is offensive if it would offend a reasonable person's sense of dignity. Pennsylvania Suggested Standard Jury Instruction 13.02 (Civ).

10. **ASSAULT AND BATTERY**

Under Pennsylvania law, assault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person. <u>Renk v. City of Pittsburgh</u>, 537 Pa. 68, 76, 641 A.2d 289, 293 (1994).

**11.** **Falsus in Uno, Falsus in Omnibus** - A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.  Lee Won Sing v. Cottone, 123 F.2d 169 (D.C. Cir. 1941)

**12.   CREDIBILITY OF WITNESSES – DISCREPANCIES IN TESTIMONY**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

<u>Devitt v. Blackmar, Wolff & O'Malley</u>, Federal Jury Practice and Instructions (4th Edition, §73.01).

**13.    DAMAGES – REASONABLE – NOT SPECULATIVE**

Damages must be reasonable.  If you find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of the accident.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur.

Devitt v. Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions (4th Edition, §85.14).

14.     Simply because you are charged with respect to damages that are theoretically recoverable under any lawsuit, does not imply that the plaintiff is entitled to any recovery or damages or that you should find in favor of the plaintiff with regard to liability.  If, in your deliberations, you find that the defendants are not liable to the plaintiff, then you need not even consider the question of damages.

15.     In civil rights cases such as the present one, you cannot award damages measured by your perception of the abstract importance or value of the constitutional right to be awarded damages. Plaintiff must prove the need for compensation by showing actual injury caused by the actions of that particular defendant.  <u>Memphis School District v. Stachura</u>, 106 S. Ct. 2537, 2544 (1986).

16.     Plaintiff has requested an award of punitive damages.  Punitive damages are not awarded as a matter of right, no matter how egregious the conduct of the defendant. Punitive damages are awarded to punish the individual defendant for conduct and to deter that individual defendant from the commission of like acts.  Punitive damages may be awarded only if you find that the individual defendants' conduct was intentional and motivated by an evil motive or if it involved reckless or callous indifference to a federally protected right of the plaintiff.  The amount of such extraordinary damages, when awarded, must be fixed with discretion and sound reason and must never be awarded because of any sympathy or bias or prejudice with respect to the parties' case. Smith v. Wade, 102 S. Ct. 1625 (1983); Conchetti v. Desmond, 572 F.2d 103, 105-106 (3rd Cir., 1978).

                                RESPECTFULLY SUBMITTED:

                                MARSHALL, DENNEHEY, WARNER,
                                COLEMAN AND GOGGIN

BY: _____
       Edward M. Galang, Esquire
       Attorney for Defendants
       Glen Mills School, Cosimo D. Ferrainola,
       Larry Laurence, Greg Frazier, Jim Welsh,
       Todd Donahue, T.J. Green and Nelson Yanez

Date: _____