MARSHALL, DENNEHEY, WARNER,
 COLEMAN & GOGGIN                              Attorney for Defendants
BY:  Kate S. McGrath, Esquire
I.D. #56082
BY:  Edward M. Galang, Esquire
I.D.  #80958
Suite 1002, One Montgomery Plaza
Norristown, PA  19401
(610) 292-4473

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. PAVLICHKO, SR., | : Civil Action No. 02-CV-2889 |
| As guardian ad litem for a Minor Child, | |
| JAMES S. PAVLICHKO, JR. | : |
| | |
| VS. | : |
| | |
| GLEN MILLS SCHOOL, | : JURY OF 12 DEMANDED |
| COSIMO D. FERRAINOLA, DIRECTOR, | |
| LARRY LAURENCE, COUNSELOR, | : |
| GREG FRAZIER, STAFF MEMBER, | |
| JIM WELSH, STAFF MEMBER, | : |
| TODD DONAHUE, STAFF MEMBER, | |
| T.J. GREEN, STAFF MEMBER, | : |
| MR. YANEZ, STAFF MEMBER | |

**DEFENDANTS' PRETRIAL MEMORANDUM**

Defendants, Glen Mills School, Cosimo D. Ferrainola, Larry Laurence, Greg Frazier, Jim

Welsh, Todd Donahue, T.J. Green and Nelson Yanez, by and through counsel, Marshall,

Dennehey, Warner, Coleman & Goggin and Edward M. Galang, Esquire hereby files this Pretrial

Memorandum as follows:

I.      **NATURE OF ACTION**

Plaintiff, James Pavlichko, Jr. filed this cause of action pursuant to 42 U.S.C. §1983

alleging violations of the First and Eighth Amendments of the United States Constitution.

Plaintiff also alleges state law claims of assault and battery against Defendant, T.J. Green.

Defendants have filed a Motion for Summary Judgment challenging the basis for their §1983

claims.


II.      STATEMENT OF FACTS

James Pavlichko, Sr. (hereinafter "Pavlichko, Sr.") filed this case on behalf of his son,

James Pavlichko, Jr. (hereinafter "Pavlichko, Jr.") for conduct that occurred while Pavlichko, Jr.

was admitted to Glen Mills Schools (hereinafter "Glen Mills").  Pavlichko, Sr. is currently

serving a life sentence at the State Correctional Institute at Mahanoy, Pennsylvania after being

convicted of first degree murder and conspiracy to commit first degree murder by the Honorable

John E. Domalakes of the Schuylkill County Court of Common Pleas. On December 8, 1998,

upon petition of Pavlichko, Jr.'s biological parents, the Luzerne Court ordered that the custody of

Pavlichko, Jr. be awarded to Michael and Mary Pavlichko.

On September 25, 2001, Judge Ciavarella issued an order committing Pavlichko, Jr.  to

Glen Mills Schools.  Upon his arrival at Glen Mills, Mr. Pavlichko was assigned to live in Taylor

Hall.  Before, April 2002, Pavlichko, Jr.'s admission at Glen Mills had been unremarkable.

However, on or about April 11, 2002, Mr. Pavlichko broke the school's 12:00 AM to 8:00 AM

rule.  Because Pavlichko, Jr. was violating school rules, Defendant, T.J. Green confronted

Pavlichko.  During the confrontation, Mr. Green inquired why Pavlichko, Jr. was out of his bed.

During the confrontation, Plaintiff then became very belligerent.  As a result, Mr. Green

performed a manual assist of Pavlichko.  The sole purpose of the manual assist is to provide the

student with a final attempt to gain self-control.  The manual assist shall be conducted by staff

placing their hands on the student's arm or shoulder area only and shall not exceed one minute.

Mr. Pavlichko did not sustain any injuries as a result of the manual assist.  He did not seek any

medical attention.  After the manual assist, Mr. Green and Pavlichko never came into contact with one another.

On or about April 16, 2002, Pavlichko, Sr. wrote a letter addressed to the Superintendent/Director of Glen Mills.  In this letter, Pavlichko, Sr. enclosed a Notice of Intention, regarding prospective litigation against Glen Mills.  In this correspondence, Pavlichko, Sr. complains of alleged abuse to his son and other students at Glen Mills.  Plaintiff sent copies of this letter to Judge Ciavarella, the Department of Public Welfare and the Pennsylvania State Police.  On May 2, 2002, Pavlichko, Sr. wrote another letter addressed to Defendant, Mr. Ferrainola.  In this letter, Pavlichko, Sr. stated that his son's legal mail was being seized and confiscated by Glen Mills staff.  Since Defendant, Mr. Ferrainola did not play an active role in the daily operation of the school, Glen Mills Managing Director, Garrison Ipock took action on Pavlichko, Sr.'s complaints.  Mr. Ipock discussed the contents of Pavlichko, Sr.'s complaints with the school's Group Living Director, Thomas Mann.  Mr. Mann discussed the issues with Taylor Hall team leader, Anthony Bacon, only to learn that there was no merit to Pavlichko, Sr.'s complaints.

On May 3, 2002, Pavlichko, Sr. wrote a letter to Plaintiff's individual counselor, Larry Lawrence.  In this letter, Pavlichko, Sr. complained that his son's "Bull" status was removed in retaliation of filing the Notice of Intent.  Pavlichko, Sr. also complained that his son's visitation was improperly supervised by staff on April 28, 2002.  Pavlichko, Sr. further complains that his son would not receive a favorable recommendation at his next review hearing before Judge Ciavarella.  At no time did Pavlichko, Jr. utilize the school's formal Student Grievance Process despite his awareness of it.  At no time did the Michael and Mary Pavlichko, Plaintiff's legal guardians express any complaints about Pavlichko, Jr.'s treatment at Glen Mills.  After Plaintiff

received copies of the mail from his father, he began to become disruptive in the unit by telling

other students that he was "untouchable".

On May 14, 2002, Plaintiff was transferred from Taylor Hall to Tyler Hall.  Before the

transfer, Anthony Bacon, Taylor Hall's team leader approached the Defendant, James Welsh,

Tyler Hall's team leader.  Defendant Welsh accepted Plaintiff as a transfer to Tyler Hall.  The

purpose of the transfer was due to Plaintiff having difficulty with his peers and to obtain a "fresh

start" in a new cottage.

On June 17, 2002, Judge Ciavarella scheduled a review placement hearing in the Luzerne

County Juvenile Court.  At the hearing, Judge Ciavarella decided to remove Plaintiff from Glen

Mills.  Plaintiff alleges that all Defendants conspired with Judge Ciaverella in having Plaintiff

removal from Glen Mills.  Only Defendant, Nelson Yanez has been in direct communication

with Judge Ciavarella.  Mr. Yanez has never communicated with Judge Ciavarella concerning

Plaintiff outside of a courtroom setting.

Plaintiff commenced this cause of action on or about June 6, 2002.  On July 9, 2002, the

Honorable William H. Yohn, Jr. appointed Pavlichko, Sr. as guardian ad litem.  On August 27,

2002, Defendants, Ferrainola, Lawrence and Glen Mills filed a Motion to Dismiss Plaintiff's

Complaint, which the court granted on October 2, 2002.  On October 11, 2002, Pavlichko, Sr.

filed an Amended Complaint, which was dismissed as moot by Judge Yohn.  On November 26,

2002, upon Pavlichko, Sr.'s Motion, Judge Yohn vacated the October 1, 2002 Order dismissing

Plaintiff's Complaint.  On December 24, 2002, Plaintiff filed another Amended Complaint.

Count I of Plaintiff's Amended Complaint alleges Retaliation pursuant to 42 U.S.C. § 1983.

Count II of Plaintiff's Amended Complaint alleges Conspiracy against Defendants pursuant to 42

U.S.C. § 1983.  Count III of Plaintiff's Amended Complaint alleges a violation of the Eighth

Amendment of the United States Constitution against Defendant, T.J. Green.  Counts IV and V of Plaintiff's Amended Complaint allege state law claims of assault and battery against Defendant, T.J. Green.  Count VI of Plaintiff's Amended Complaint alleges assault and battery against Defendants, Glen Mills Schools and Cosimo D. Ferrainola under the theory of *respondeat superior*.  On August 25, 2003, Defendants filed a Motion for Summary Judgment requesting  that any and all claims against all Defendants shall be dismissed with prejudice pursuant to Fed.R.C.P. 56.  In Plaintiff's response to the Motion for Summary Judgment, Plaintiff's withdrew their claims against Defendants, Cosimo Ferrainola, Larry Lawrence, Greg Frazier and Todd Donahue individually.

## III.    DAMAGES

It is Defendants' position that Plaintiff's have failed to show the deprivation of a federally protected right in order to prevail under  42 U.S.C. §1983.  Therefore, Defendants submit that Plaintiff is not entitled to monetary damages.

## IV.    WITNESSES

1.    T.J. Green
      Glen Mills Schools
      Glen Mills, PA

2.    Ed Norman
      Glen Mills Schools
      Glen Mills, PA

3.    Anthony Bacon
      Glen Mills Schools
      Glen Mills, PA

4.    Larry Lawrence
      Glen Mills Schools
      Glen Mills, PA

5.      Greg Frazier
        Glen Mills Schools
        Glen Mills, PA

6.      James Welsh
        Glen Mills Schools
        Glen Mills, PA

7.      Ted Philbin
        Glen Mills Schools
        Glen Mills, PA

8.      Nelson Yanez
        Glen Mills Schools
        Glen Mills, PA

9.      Garrison Ipock
        Glen Mills Schools
        Glen Mills, PA

10.     Thomas Mann
        Glen Mills Schools
        Glen Mills, PA

11.     Sadie Cole
        Luzerne County Juvenile Probation
        20 N. Pennsylvania Avenue
        Wilkes-Barre, PA 18711

12.     Tom Levan
        Luzerne County Juvenile Probation
        20 N. Pennsylvania Avenue
        Wilkes-Barre, PA 18711

Defendants reserve the right to modify this witness list up until the time of trial.

Additionally, Defendants reserve the right to call all witnesses Plaintiff call at the time of trial.


**V.      EXHIBITS**

1.      Taylor Hall Unit Logs

2.      Tyler Hall Unit Logs

3.      Glen Mills Student Handbook

4.    James Pavlichko, Jr.'s Comprehensive Reports

5.    Luzerne County Juvenile Probation Records

6.    Luzerne County Juvenile Detention Records

7.    Records from Vision Quest

8.    Hazleton Area High School Records

9.    Interrogatories and Request for Production of Documents Directed to Plaintiff and Answers

10.    Interrogatories and Request for Production of Documents Directed to Defendants and Answers

11.    Plaintiff's Complaint

12.    Deposition transcript of James Pavlichko, Jr.

13.    Deposition transcript of James Pavlichko, Sr.

14.    Deposition transcript of T.J. Green

15.    Deposition transcript of James Welsh

16.    Deposition transcript of Nelson Yanez

17.    Deposition transcript of Anthony Bacon

18.    Deposition transcript of Larry Lawrence

19.    Deposition transcript of Greg Frazier

20.    Deposition transcript of Michael Tiburzi

21.    Deposition transcript of Thomas Mann

22.    Deposition transcript of Garrison Ipock

23.    Deposition transcript of Cosimo Ferrainola

Defendants reserve the right to modify this exhibit list up until the time of trial.

Additionally, Defendants reserve the right to utilize all exhibits Plaintiff will introduce at the

time of trial.

## VI.    ESTIMATED LENGTH OF TRIAL

Two to Four Days

## VII.    SPECIAL LEGAL ISSUSES

Pending Motion for Summary Judgment.


RESPECTFULLY SUBMITTED:

MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN


BY:    _____

Edward M. Galang, Esquire
Attorney for Defendants
Glen Mills School, Cosimo D. Ferrainola,
Larry Laurence, Greg Frazier, Jim Welsh,
Todd Donahue, T.J. Green and Nelson Yanez

Date: _____

MARSHALL, DENNEHEY, WARNER,
  COLEMAN & GOGGIN                          Attorney for Defendants
BY:  Kate S. McGrath, Esquire
I.D. #56082
BY:  Edward M. Galang, Esquire
I.D.  #80958
Suite 1002, One Montgomery Plaza
Norristown, PA  19401
(610) 292-4473

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. PAVLICHKO, SR., | : Civil Action No. 02-CV-2889 |
| As guardian ad litem for a Minor Child, | |
| JAMES S. PAVLICHKO, JR. | : |
| | |
| VS. | : |
| | |
| GLEN MILLS SCHOOL, | : JURY OF 12 DEMANDED |
| COSIMO D. FERRAINOLA, DIRECTOR, | |
| LARRY LAURENCE, COUNSELOR, | : |
| GREG FRAZIER, STAFF MEMBER, | |
| JIM WELSH, STAFF MEMBER, | : |
| TODD DONAHUE, STAFF MEMBER, | |
| T.J. GREEN, STAFF MEMBER, | : |
| MR. YANEZ, STAFF MEMBER | |

### CERTIFICATE OF SERVICE

I, Edward M. Galang, Esquire, being duly sworn according to law, hereby certify that Defendants' Pretrial Memorandum  was forwarded to all counsel of record on the below listed date and was sent via first class mail, postage prepaid to the last known address of other parties or their representatives.

MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN


BY:  _____
        Edward M. Galang, Esquire
        Attorney for Defendants
        Glen Mills School, Cosimo D. Ferrainola,
        Larry Laurence, Greg Frazier, Jim Welsh,
        Todd Donahue, T.J. Green and Nelson Yanez

Date: _____